CLOSED

ENTERED
ON
THE DOCKET

OCT 2 3 2001

WILLIAM T. WALSH, CLERK
By: _____
(Deputy Clerk)

RIKER, DANZIG, SCHERER, HYLAND
 & PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
(973) 538-0800
FEDERAL BAR NO. SM 1169
Liaison Counsel for Plaintiffs

LOWENSTEIN SANDLER P.C.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500
FEDERAL BAR NO. MR 3808
Liaison Counsel for Site Defendants

GIBBONS, DEL DEO, DOLAN, GRIFFINGER
 & VECCHIONE
One Riverfront Plaza
Newark, NJ 07102-5497
FEDERAL BAR NO. JK 3859
Attorneys for Defendants Henkel Corp.
and Occidential Chemical Corp.

WINNE, BANTA, RIZI, HETHERINGTON
 & BASRALIAN, PC
Court Plaza North
25 Main Street
Hackensack, NJ 07602
FEDERAL BAR NO.
Attorneys for Defendant Randolph Products

---

MORTON INTERNATIONAL, INC.,

    Plaintiff,

v.

A.E. STALEY MANUFACTURING,
CO., et al.,

    Defendants.

VELSICOL CHEMICAL
CORPORATION, et al.,

    Plaintiffs,

v.

A.E. STALEY MANUFACTURING,
CO., et al.,

    Defendants.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Consolidated Civil Action 96-3609 (KSH)

HON. KATHARINE S. HAYDEN

**STIPULATION AND AGREED ORDER OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

FILED
OCT 1 9 2001
AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

---

WHEREAS, certain claims are pending in the instant consolidated civil actions (the "Litigation") among Plaintiffs Morton International, Inc., Velsicol Chemical Corporation, NWI Land Management Co., and Fruit of the Loom, Inc. (collectively "Plaintiffs") and the defendants in this action listed on Attachment A hereto (collectively "Defendants") in connection with an

approximately 40-acre parcel of real property located in Bergen County, New Jersey in the Boroughs of Wood Ridge and Carlstadt on the western bank of Berry's Creek within the Hackensack Meadowlands, described more particularly as: Block 229, Lot 10A, Borough of Wood Ridge (approximately 4½ acres); Block 229, Lot 10B, Borough of Wood Ridge (approximately 2½ acres); and Block 229, Lot 8, Borough of Wood Ridge; and Block 146, Lot 3, Borough of Carlstadt (approximately 33 acres), which approximately 40-acre parcel is now listed on the National Priorities List of Superfund Cleanup Sites as the Ventron/Velsicol site (hereinafter referred to as the "Site");

WHEREAS, certain claims also were asserted among Plaintiffs and Defendants (collectively the "Parties") in the instant Litigation in connection with the area around the Site and the adjacent area of Berry's Creek and contiguous tidal wetlands, which boundaries of such adjacent area are defined as Berry's Creek from its headwaters just below Teterboro Airport (Moonachie Road) down to the Hackensack River (hereinafter referred to as the "Berry's Creek Area"), which claims relating to the Berry's Creek area were severed, stayed, and administratively terminated under the First Case Management and Scheduling Order entered by the Court on December 6, 1996 ("First CMO"), with the recognition by the Court under the First CMO that all claims and defenses, as well as the right to assert cross-claims, counterclaims and third party claims, with respect to claims relating to the Berry's Creek Area are deemed preserved without prejudice, and may be raised in subsequent proceedings, with no such claims being barred by reason of the entire controversy doctrine;

WHEREAS, the Parties have agreed in principle that the matters in controversy among them with respect to the Site and Berry's Creek Area should be removed from active litigation unless and until certain events have occurred; and

WHEREAS, as an inducement for dismissal, without prejudice, the Defendants are willing to toll statutes of limitations, and to simplify service in the event litigation is resumed;

NOW THEREFORE, it is hereby stipulated and agreed by and among the Parties, through counsel, and hereby Ordered by the Court as follows:

2

1.  All claims asserted or deemed asserted in the Litigation by Plaintiffs against Defendants or by Defendants against Plaintiffs relating to the Site or the Berry's Creek Area are hereby dismissed, without prejudice, with the express acknowledgment and understanding of the Parties that such dismissal, without prejudice, shall not constitute an adjudication on the merits of any such claims so dismissed, and that such dismissal shall occur with each of the Parties to bear their own costs and fees.

2.  Each of the Parties agrees that the running of any and all statutes of limitations that may be applicable to any right, claim, cross-claim, or counterclaim asserted or deemed asserted in the Litigation, including the so-called "Creek Claims" that were severed, stayed, and administratively terminated pursuant to the First CMO, is hereby tolled for a period beginning on July 29, 1996, the date of filing of the above-captioned Litigation, and ending 150 days after the last of the following events (the "Tolling Period"):

    (a)  A written decision is made, by or with the concurrence of applicable Government entities, defining a remedy for that part of the Site that is now known as Operable Unit 1 ;

    (b)  The completion of any and all appeals of the Court's July 17, 2001, Order granting summary judgment in favor of Defendant Tennessee Gas Pipeline Company in the Litigation and the expiration of any period allowed for the filing of further appeals; and

    (c)  Three years from the date of entry of this Stipulation And Agreed Order of Voluntary Dismissal, Without Prejudice.

This Tolling Period shall be excluded from all computations of any applicable limitations and time periods relevant to laches or other equitable defenses related to timeliness of claims, and in the event that a claim, cross-claim, or counterclaim is filed by any of the Parties against any other of the Parties in any subsequent action or proceeding with respect to the Site or the Berry's Creek Area, the Party defending against such claim agrees not to plead or otherwise assert in defense of such claim the bar of a limitations period based on any time elapsed during the

Tolling Period. Plaintiffs will not claim accrual of prejudgment interest on their claims during the Tolling Period.

3. Upon the latest of the three events described in Paragraphs 2(a) through 2(c) above, Plaintiffs shall notify Defendants of such event by sending written notice to the undersigned counsel for such Defendants (the "Notice"). The Parties agree that, upon the Defendants' receipt of proper Notice, consistent with paragraphs 2(a) through 2(c) above, the Parties shall participate in informal, non-binding alternative dispute resolution procedures to explore opportunities for settling the matters in controversy among the Parties. If upon expiration of ninety (90) days after receipt of the Notice, the Parties have been unable to resolve their differences, the Parties may re-file claims against each other relating to the Site and/or Berry's Creek Area.

4. The Parties agree that, if claims relating to the Site and/or Berry's Creek Area are re-filed among the Parties in accordance with the terms of this Stipulation And Agreed Order of Voluntary Dismissal, Without Prejudice, the Parties may use all discovery obtained in the Litigation to the same extent and as if such discovery had been obtained in the subsequently-initiated litigation.

5. If, despite the Parties' good faith efforts, the Parties are unable to resolve informally their differences without the re-filing of claims relating to the Site and/or Berry's Creek Area, the Parties agree that effective service of the summons and complaint may be made by mailing a copy thereof by first class mail or recognized overnight delivery service to the undersigned liaison counsel for each Party, and each Party hereby expressly appoints its undersigned counsel, pursuant to rule 4(d) of the Federal Rules of Civil Procedure, as its authorized agent to receive such service of process.

6. This Stipulation And Agreed Order of Voluntary Dismissal, Without Prejudice shall enure to the benefit of and be binding upon the Parties hereto and their subsidiaries, affiliates, successors, assigns, beneficiaries and any related entities.

SO ORDERED.

_____
Honorable Katherine S. Hayden, U.S.D.J.

SO STIPULATED AND AGREED BY:

LOWENSTEIN SANDLER PC
65 Livingston Avenue
Roseland, NJ 07068
(973) 597-2500
Liaison Counsel for Defendants
Becton-Dickinson & Co. Inc.
Belmont Metals, Inc.
Connecticut Light & Power Co., Inc.
E.I. duPont de Nemours and Company
Duracell, Inc.
Garfield Refining Corporation
The J.M. Ney Company
Merck & Co., Inc.
Public Service Electric & Gas
Union Carbide Corporation

By:_____
Michael L. Rodburg
Gavin J. Rooney

GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE
One Riverfront Plaza
Newark, NJ 07102-5497
(973) 596-4500
Attorneys for Defendants
Henkel Corporation and
Occidential Chemical Corporation

By:_____
John H. Klock

RIKER, DANZIG, SCHERER, HYLAND
& PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
(973) 538-0800
Liaison Counsel for Plaintiffs

By:_____
Samuel P. Moulthrop

WINNE, BANTA, RIZI, HETHERINGTON
& BASRALIAN, PC
Court Plaza North
25 Main Street
Hackensack, NJ 07602
(201) 487-3800
Attorneys for Defendant Randolph Products

By:_____
Thomas P. Monahan, Jr., Esq.

5

# ATTACHMENT A

| | |
|---|---|
| Becton-Dickinson & Co. Inc. | Garfield Refining Corp. |
| Belmont Metals, Inc. | J.M. Ney Company |
| Connecticut Light & Power Co., Inc. | Merck & Co., Inc. |
| Duracell, Inc. | Public Service Electric and Gas Company |
| E.I. duPont de Nemours & Co., Inc. | Union Carbide Corporation |
| Henkel Corporation | Occidental Chemical Corporation |
| Randolph Products Co. | |

3075162